# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**JULY 2023**     **01242**

E-Filing Number: 2307023984

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>MARISA GRASSO | **DEFENDANT'S NAME**<br>HARD ROCK HOTEL & CASINO |
| **PLAINTIFF'S ADDRESS**<br>185 BISHOP DRIVE<br>ASTON PA 19014 | **DEFENDANT'S ADDRESS**<br>1000 BOARDWALK<br>ATLANTIC CITY NJ 08401 |
| **PLAINTIFF'S NAME**<br>VINCENT GRASSO | **DEFENDANT'S NAME**<br>HARD ROCK CAFE INTERNATIONAL, INC. |
| **PLAINTIFF'S ADDRESS**<br>185 BISHOP DRIVE<br>ASTON PA 19014 | **DEFENDANT'S ADDRESS**<br>28 LIBERTY STREET<br>NEW YORK NY 10005 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>HARD ROCK CAFE, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1760 MARKET STREET SUITE 1100<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

**JUL 13 2023**

**G. IMPERATO**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES     NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARISA GRASSO , VINCENT GRASSO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MICHAEL D. LAROSA | ADDRESS<br>LAROSA LAW FIRM<br>959 WEST CHESTER PIKE<br>HAVERTOWN PA 19083 |
|---|---|
| PHONE NUMBER<br>(610) 924-0999 | FAX NUMBER<br>(610) 924-0473 |
| SUPREME COURT IDENTIFICATION NO.<br>50011 | E-MAIL ADDRESS<br>ML@LAROSALAWFIRM.COM |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>MICHAEL LAROSA | DATE SUBMITTED<br>Thursday, July 13, 2023, 03:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. HARD ROCK HOTEL & CASINO
   1000 BOARDWALK
   ATLANTIC CITY NJ 08401
2. HARD ROCK CAFE INTERNATIONAL, INC.
   28 LIBERTY STREET
   NEW YORK NY 10005
3. HARD ROCK CAFE, INC.
   1760 MARKET STREET SUITE 1100
   PHILADELPHIA PA 19103
4. BOARDWALK 1000, LLC
   1000 BOARDWALK
   ATLANTIC CITY NJ 08401

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Philadelphia County

**For Prothonotary Use Only:**

Docket No: July 2023 No. 01242

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Marisa Grasso

**Lead Defendant's Name:** Hard Rock Hotel & Casino

**Are money damages requested?** [X] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

**Name of Plaintiff/Appellant's Attorney:** Michael LaRosa

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

Case ID: 230701242
Updated 1/1/2011

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

*Filed and Attested by the Office of Judicial Records 13 JUL 2023 03:55 pm S. IMPERATO*

MARISA GRASSO and VINCENT GRASSO, h/w
    Plaintiffs

v.

HARD ROCK HOTEL & CASINO,
HARD ROCK CAFÉ INTERNATIONAL, INC.,
HARD ROCK CAFÉ, INC.,
BOARDWALK 1000, LLC
    Defendants

NO.: July 2023
Docket No.: 01242

## NOTICE TO DEFEND

| NOTICE | NOTICE |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice of any money the complaint or for any other claim of relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215)238-6333<br>TTY (215)451-6197<br>One Reading Center | Le han demandado a usted en la corte. Si usted quire defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha d la demanda y la notificacion. Hace falta asentar una comparencia escrita o filing en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continua la demanda en contra suya sin claimed in previo aviso o notificacion. Ademas, la corte Puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lieva esta demandu a un abogado immediatamente. Si no tlene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br><br>Filadelfia, Pennsylvania 19107<br>(215)238-6333<br>TTY (215)451-6197Informacion Legal |

LaROSA LAW FIRM
BY: MICHAEL LAROSA, ESQUIRE
Identification No. 50011
959 West Chester Pike
Havertown, PA 19083
(610) 924-0999                                                    Attorney for Plaintiffs

---

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| MARISA GRASSO and VINCENT GRASSO, h/w<br>185 Bishop Drive<br>Aston, PA 19014<br>　　　　Plaintiffs<br><br>v.<br><br>HARD ROCK HOTEL & CASINO,<br>1000 Boardwalk<br>Atlantic City, NJ 08401<br>　　And<br>HARD ROCK CAFÉ INTERNATIONAL, INC.,<br>28 Liberty Street<br>New York, NY 10005<br>　　And<br>HARD ROCK CAFÉ, INC.<br>1760 Market Street<br>Suite 1100<br>Philadelphia, PA 19103<br>　　And<br>BOARDWALK 1000, LLC<br>1000 Boardwalk<br>Atlantic City, NJ 08401<br>　　　　Defendants | NO.: July 2023<br>No.: 01242 |

## COMPLAINT

Plaintiffs, Marisa Grasso and Vincent Grasso, husband and wife, by and through their

attorney, Michael LaRosa, Esquire, aver as follows:

　　1.　　Plaintiff, Marisa Grasso, is an adult individual, who currently resides at 185

Case ID: 230701242

Bishop Drive Aston, PA 19014.

2. Plaintiff Vincent Grasso, is an adult individual, who currently resides at 185 Bishop Drive Aston, PA 19014.

3. Defendant, Hard Rock Hotel & Casino, operates a casino resort located at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

4. Defendant, Hard Rock Café, Inc., is a Pennsylvania statutory close held business corporation, with a registered office of 1760 Market Street, Suite 1100, Philadelphia, PA 19103.

5. Defendant, Hard Rock Café International, Inc., is a multinational corporation with corporate headquarters located at 28 Liberty Street, New York, NY 10005, that operates hotels, casinos, and restaurants throughout the world, including but not limited to 1000 Boardwalk, Atlantic City, New Jersey 08401 and 1113 Market Street, Philadelphia, PA 19107.

6. Defendant, Boardwalk 1000, LLC, is a New Jersey limited liability company with an address located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

7. It is believed and therefore averred that Defendants, Hard Rock Hotel & Casino, Hard Rock Café, Inc., Hard Rock Café International, Inc., and Boardwalk 1000, LLC, (hereinafter "Hard Rock") share common ownership, direction, and control.

8. At all times relevant herein and material hereto, Plaintiff, Marisa Grasso, was a business invitee of the Defendants, lawfully walking within the premises located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

9. At all times relevant herein and material hereto, Defendants, for the purposes of conducting business, did own, operate and maintain and/or did have under their exclusive

care, custody and control the aforesaid building and/or business located at 1000 Boardwalk, Atlantic City, New Jersey 08401.

10.   At all times relevant herein and material hereto, Defendants acted and/or failed to act by and through their employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said Defendants.

11.   This action asserts a claim for personal injuries sustained by Plaintiff, Marisa Grasso, resulting from a fall incident, which occurred on the aforesaid property owned and operated by the aforesaid Defendants.

## VENUE AND JURISDICITON

12.   Pursuant to 231 Pa. Code. Rule 2179, venue against a corporation is proper in a location where the corporation or similar entity regularly conducts business.

13.   Venue in Philadelphia County is proper where Defendants regularly conduct business in Philadelphia County, including but not limited to operating a restaurant and a direct advertising campaign for the Atlantic City hotel and casino.

## COUNT I - NEGLIGENCE

## MARISA GRASSO v. HARD ROCK HOTEL AND CASINO, HARD ROCK CAFÉ, INC., HARD ROCK CAFÉ INTERNATIONAL, INC., AND BOARDWALK 1000 ,LLC (collectively "HARD ROCK")

14.   The allegations contained in paragraphs 1 through 13 are incorporated herein by reference as if fully set forth at length.

15.   On or about September 14, 2021 Plaintiff, Marisa Grasso, was a customer and/or patron of Defendants, lawfully walking in the casino located at 1000 Boardwalk Atlantic City, NJ 08401, when Plaintiff tripped on a defective area of the floor where the tile and carpet of the floor meet in a main thoroughfare of the casino, causing Marisa Grasso to

trip and fall, striking the ground and sustaining injuries.

16.     The area and defect that resulted in Plaintiff's fall can be seen in these photographs taken shortly after the fall:



Photo of the thoroughfare showing the raised carpet area where the carpet meets the tile in close proximity to the gaming table immediately to the right.



Close of photograph of the defective area showing the carpet curled back and raised off of the

Case ID: 230701242

floor.

17. The aforesaid defective condition had been present on the floor of the casino a sufficient time for the Defendants' employees that they could have and should have noticed, identified, warned patrons of said condition and rectified the defect prior to Plaintiff's fall and injuries.

18. The defendants failed to provide any warnings to patrons of the defective condition on the floor of the defendants' casino prior to plaintiff's fall.

19. Plaintiff avers that it was the duty of the Defendants to keep and maintain the aforesaid premises in a good and safe condition so that same should not constitute a menace, danger, nuisance, snare or trap for persons lawfully thereon.

20. Notwithstanding said duty at the time of the occurrence, hereinafter set forth and for a long time prior thereto, Defendants negligently permitted the aforementioned property to become and remain in a dangerous and/or defective condition, to wit, the upturned carpet where the carpet meets the tile, causing the floor of the casino to constitute a menace, danger, nuisance, snare, and/or trap for persons lawfully thereon.

21. Defendants had knowledge of the defective condition and sufficient notice of the existence of the aforementioned dangerous condition on the above premises in order to either warn or correct said defective and dangerous condition as aforesaid.

22. On or about the aforesaid date, time and place, Plaintiff, while lawfully walking within the aforesaid premises, was caused to trip and fall on the defective condition and strike the ground with great force and violence and was further caused to sustain injuries and damages as will be more fully set forth hereafter.

23. At all times material hereto, Plaintiff acted in a careful, cautious, reasonable and prudent manner and was free from any comparative negligence.

24. At all times material hereto, Plaintiff was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

25. The aforementioned incident and resulting injuries and/or damages were due, in no part whatsoever, to any act or failure to act on the part of the Plaintiff.

26. The aforementioned incident and resulting injuries and/or damages sustained by Plaintiff directly and proximately resulted from the negligence, carelessness and unlawfulness of Defendants whose conduct consisted of, but was not limited to, the following:

   a. Failing to maintain the premises in a condition which would protect and safeguard the welfare of persons lawfully thereon;

   b. Permitting the premises to become and remain in a dangerous and/or defective state so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully thereon;

   c. Failing to inspect the premises at reasonable intervals in order to determine its condition so as to repair any defects therein;

   d. Failing to issue any warning, verbal, written, actual and/or constructive, to persons lawfully thereon of the dangerous condition which existed at the area where the casino's seamless tile floor meets the carpet, and in close proximity to gambling tables;

   e. Permitting Plaintiff to travel on said floor when Defendant knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved an unreasonable risk of harm to persons so doing;

   f. Failing to provide persons thereon with a safe manner to travel on said premises;

   g. Failing to maintain the said premises in a manner consistent with and in conformity with the defendants' own standard of care and safety and in accordance with the laws of

the State of New Jersey;

  h. Causing the existence of the dangerous and defective condition encountered by the Plaintiff causing her fall;

  i. Despite being aware of the dangerously defective condition existing at the time of the Plaintiff's fall, the Defendants failed to cordon off this dangerous floor area upon which the Plaintiff fell and continued to invite visitors to enter and walk upon the Defendants' casino floor despite the Defendants' knowledge of the defective condition and danger to the public business invitees;

  j. Failing to post adequate warning signs, barrier and/or barricades in an effort to alert those persons lawfully thereon of the dangerous condition which existed; and

  k. Violating the standard of care due to public, business invitees;

27. As a direct and proximate result of the aforesaid incident, Plaintiff suffered injuries which are or may be permanent including, but not limited to, injuries to both of her knees, resulting in a root tear of the posterior horn of the medial menisci, requiring arthroscopic surgery in both knees for medial meniscectomies, and damages to her muscular skeletal system and nervous system, which have been and may in the future be the cause of great pain, suffering, mental anguish and humiliation.

28. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or will continue to suffer from physical pain, suffering and inconvenience of her injuries due to Defendants' negligence.

29. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or may continue to suffer shock and injuries to her nerves and nervous system and has suffered and/or suffers and/or continues to suffer emotional distress.

30. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff has been deprived and/or is deprived and/or may continue to be deprived of the ordinary pleasures of life.

31. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical aids, medicines and/or similar medical and/or medically related instrumentalities and modalities, surgery and modalities which are recoverable under the laws of Pennsylvania.

32. As a further result of this accident, Plaintiff has suffered a loss of her earnings and an impairment of her earning capacity and power, which said loss of earning and/or impairment of her earning capacity or power which are recoverable under the laws of Pennsylvania.

WHEREFORE, Plaintiff, Marisa Grasso, respectfully demands judgment in her favor and against Defendants, Hard Rock Hotel and Casino, Hard Rock Café, Inc., Hard Rock Café International, Inc., and Boardwalk 1000, LLC, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit and interest allowable by law.

## COUNT II – LOSS OF CONSORTIUM

### VINCENT GRASSO v. HARD ROCK HOTEL AND CASINO, HARD ROCK CAFÉ, INC., HARD ROCK CAFÉ INTERNATIONAL, INC., AND BOARDWALK 1000, LLC (collectively "HARD ROCK")

33. The allegations contained in paragraphs 1 through 33 are incorporated herein by reference as if fully set forth at length.

34. Plaintiff, Vincent Grasso, is the lawfully wedded husband of Plaintiff, Marisa Grasso.

35. As a result of the injuries and damages sustained by Plaintiff, Marisa Grasso, Plaintiff, Vincent Grasso, has been deprived of the assistance, society, comfort and companionship of his wife,

Case ID: 230701242

Marisa Grasso, and as a result has suffered and will continue to suffer great mental and emotional distress and anguish, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Vincent Grasso, respectfully demands judgment in his favor and against Defendants, Hard Rock Hotel and Casino, Hard Rock Café, Inc., Hard Rock Café International, Inc., and Boardwalk 1000, LLC in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit and interest allowable by law.

Respectfully submitted,

LaROSA LAW FIRM

DATED: 7/13/2023         BY:   /s/ Michael LaRosa
                                MICHAEL LAROSA, ESQUIRE
                                Attorney for Plaintiff

Case ID: 230701242

## VERIFICATION

I, MARISA GRASSO, hereby verify that I am the Plaintiff in this action and that the statements made in the foregoing pleadings are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 7/13/23

_____
PLAINTIFF, MARISA GRASSO

Case ID: 230701242